UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RAYMOND A. WILLIAMS, | CASE NO. 1:11 CV 0671 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| v. | |
| | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, *et al.*, | AND ORDER |
| Defendants. | |

Plaintiff *pro se* Raymond A. Williams filed the above-captioned *in forma pauperis* action against the United States of America and the Veterans Administration Hospital ("the VA") in Brecksville, Ohio.  He seeks $125,000.00 in damages for a physical injury he suffered while at the VA.

*Background*

The relevant facts are brief.  On or about September 13, 2008, Plaintiff fell against a wall in a hallway at the VA.  He alleges there was a "sheet of water" outside of a door.  As a result of his fall, Plaintiff has allegedly undergone three back surgeries.  He seeks compensation for his injuries and $125,000.00 in damages.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## *Federal Tort Claim*

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990), and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Here, Plaintiff does not indicate the jurisdictional basis for his claim in this Court.

Examining the nature of Plaintiff's claim, however, this Court is mindful that federal courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff alleges he fell and was injured after slipping on water left in the hall of a federal agency. For this injury he seeks damages. It would not be unreasonable to assume Plaintiff is attempting to raise a claim under the Federal Torts Claims Act (FTCA). *Id.*

The United States "is immune from suit save as it consents to be sued," *United States v. Sherwood*, 312 U.S. 584, 586 (1941), and this Court does not have jurisdiction over a suit without such a waiver of sovereign immunity. *Id.*; *see also United States v. Mitchell*, 463 U.S. 206, 212

(1983) (concluding that consent to be sued is a "prerequisite for jurisdiction"). While the government has waived its sovereign immunity to suits for tort actions under the FTCA, it is only insofar as the plaintiff has exhausted his administrative remedies. 28 U.S.C. § 2675(a); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir.1991)("A prerequisite to suit under the FTCA, ... is the exhaustion by the plaintiff of administrative remedies.").

Section 2675(a) of Title 28 provides that an "action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Under the FTCA, a claimant must first present the claim to the appropriate agency and have the claim finally denied by the agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). In order to fulfill this requirement, the claimant must: (1) give written notice of the claim sufficient to enable the agency to investigate the claim; and (2) place a value (or "sum certain") on the claim. *See Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir.1994); 28 C.F.R. § 14.2(a).

Plaintiff does not allege he ever filed an administrative claim with the VA. Moreover, there is no suggestion that he filed any communication with the VA that constituted an administrative claim requesting damages and a sum certain. *See id.* An administrative claim under the FTCA must be in careful compliance with the terms of the statute. *Id.* For a claim to be complete, it must include a claim for damages in a sum certain. *Glarner v. United States Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir.1994) (explaining that in this circuit requesting a sum certain is a necessary prerequisite to filing a FTCA claim); 28 C.F.R. § 14.2(a) (2011) (listing requirements for a properly presented claim to a federal agency). Because the FTCA requires

administrative exhaustion as a jurisdictional prerequisite to filing suit, this Court lacks subject matter jurisdiction to address the Complaint. *See* 28 U.S.C. §§ 2680(h), 2675(a).[1]

*Conclusion*

Based on the foregoing, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted and this action is dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e), for failure to exhaust administrative remedies  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date:   8/15/11   UNITED STATES DISTRICT JUDGE

---

[1]  The Plaintiff should be aware that the FTCA contains a statute of limitations which dictates:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.